IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARMINE LANGERT,           )
                           )
           Plaintiff,      )
                           )
    v.                     )
                           )   Civil Action No. 13-193J
CAROLYN W. COLVIN,         )
ACTING COMMISSIONER OF     )
SOCIAL SECURITY,           )
                           )
           Defendant.      )

OPINION

AND NOW, this 24th day of September, 2014, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, granted, and the Acting Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, denied. Pursuant to sentence 4 of 42 U.S.C. §405(g), the case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

When the Acting Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Acting Commissioner for further proceedings at step 3 of the sequential evaluation process consistent with this Opinion.

Plaintiff filed his application for SSI on April 29, 2011, alleging disability due to right fifth toe amputation, diabetes, asthma, obesity and difficulty comprehending. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on October 2, 2012, at which he appeared and testified while represented by counsel. On November 20, 2012, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on July 12,

2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a marginal education, was 35 years old when he applied for SSI and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has past relevant work experience as a security guard and video rental clerk, but he has not engaged in substantial gainful activity at any time since filing his SSI application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that the medical evidence established that plaintiff suffers from the severe impairments of a history of right fifth toe amputation, gangrene of the toe, asthma, chronic obstructive pulmonary disease, diabetes, obesity and mild mental retardation; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform sedentary work with a number of additional limitations. Plaintiff is limited to standing and walking a total of two hours in an eight-hour work day, and he must have the opportunity to alternate between standing and sitting every hour. In addition, he is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing of

ramps and stairs, but he is precluded from climbing ladders, ropes and scaffolds. Further, plaintiff must avoid exposure to extreme temperatures, wetness, humidity, fumes, odors, dusts, gases, poor ventilation and workplace hazards, such as moving machinery and unprotected heights. Finally, plaintiff is limited to performing simple, routine tasks with only short and simple work-related decisions and is restricted to few work place changes (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as an order clerk, addresser/mail sorter or document preparer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Social Security Regulations delineate a five-step

sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ erred by finding that he does not meet listing §12.05C for mental retardation. Plaintiff also argues that the ALJ's step 5 Finding is not supported by substantial evidence because the RFC finding and hypothetical question to the vocational expert did not account for his claimed need to lie down during the day. Although plaintiff's step 5 argument is without merit, we conclude that the ALJ erred at step 3 for the reasons explained below.

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment meets or equals one of the listed impairments. Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Plaintiff claims that the ALJ erred by finding that he does not meet listing §12.05C for mental retardation. That listing provides as follows:

> 12.05. Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function....

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§12.05, 12.05(C).[2]

---

[2] Although listing 12.05 was revised in 2013 and now refers to "intellectual disability" rather than "mental retardation," the substance of the listing has not changed. See Change in Terminology:

The United States Court of Appeals for the Third Circuit has held that in order to meet the requirements of §12.05C, a claimant "must i) have a valid verbal, performance or full scale IQ of 60 through 70, ii) have a physical or other mental impairment imposing additional and significant work-related limitations of function, and iii) show that the mental retardation was initially manifested during the developmental period (before age 22)." Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003); see also Illig v. Commissioner of Soc. Sec., 2014 WL 2937036, at *2 (3d Cir. July 1, 2014).

Here, the ALJ found that plaintiff's verbal IQ score is 69, his performance IQ score is 64 and his full scale IQ score is 64, which meet the requirement of §12.05C that said scores must fall between 60 through 70.[3] (R. 16, 263). However, the ALJ determined that plaintiff does not meet §12.05C because he does not have any other mental impairment and his additional physical impairments do not impose additional and significant work-related limitations of function. (R. 16). As a result of that finding, the ALJ did not address in her decision whether plaintiff satisfies the

---

"Mental Retardation" to "Intellectual Disability," 78 Fed. Reg. 46,499 (Aug. 1, 2013).

[3] To satisfy the requirement of §12.05C that the claimant must have a valid verbal, performance or full scale IQ of 60 through 70, the Regulations only require that one of those IQ scores be in the 60 through 70 range. See Listing §12.00D.6.c. ("...where verbal, performance, and full scale IQs are provided ... we use the lowest of these in conjunction with 12.05"); see also Markle, 324 F.3d at 186 (recognizing that the lowest of these three IQ scores is to be utilized in making a determination under §12.05C). Here, the ALJ found that all three of plaintiff's scores met the IQ score requirement of §12.05C. (R. 16).

AO 72
(Rev. 8/82)

requirement of §12.05C that mental retardation (which refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning) initially manifested before age 22.

The ALJ's analysis of whether plaintiff's condition satisfies the requirements of §12.05C is defective for two reasons. First, the ALJ's determination that plaintiff does not have a physical impairment that imposes an additional and significant work-related limitation of function is not supported by substantial evidence. The ALJ found that plaintiff has the severe impairments of a history of right fifth toe amputation, gangrene of the toe, asthma, chronic obstructive pulmonary disease, diabetes and obesity, and that the plaintiff's severe impairments caused functional limitations which she accommodated in crafting the RFC Finding. (R. 14, 18). Those findings satisfy the second requirement of §12.05C, that is, a physical or other mental impairment imposing additional and significant work-related limitation of function. See Markle, 324 F.3d at 188 (holding that a finding of a severe impairment establishes that the claimant has a physical or other mental impairment imposing additional and significant work-related limitation of function under listing §12.05C). Accordingly, we conclude there is no dispute that plaintiff has met the second requirement of listing §12.05C and the ALJ's determination to the contrary must be reversed and need not be revisited on remand.

The ALJ also erred by failing to address whether plaintiff

satisfies the third requirement of listing §12.05C, that is, whether mental retardation (which refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning) initially manifested before plaintiff reached age 22.[4] The Court of Appeals for the Third Circuit has held that remand is required where the ALJ fails to address that very issue:

> We note that here the ALJ may well believe on remand that he should develop the record further - as is his duty - and inquire further into the nature of [the claimant's] special education, or obtain an expert opinion as to the likely onset of the retardation. Accordingly, we will remand the matter to the ALJ so that he can provide his interpretation of the record on this issue, develop the record further, and make a finding whether [the claimant] meets the third element of a §12.05(C) listed impairment, namely, whether his retardation commenced before age 22.

Markle, 324 F.3d at 189.

In accordance with Markle, this case will be remanded so that the ALJ may address whether plaintiff's claimed mental retardation commenced before age 22. In addressing that issue, the ALJ shall provide her interpretation of the record on the matter, develop the record as necessary to determine the likely onset of plaintiff's mental retardation, and make a finding whether he meets the third element of listing §12.05C requiring

---

[4] The Acting Commissioner provided a number of reasons in her Brief in Support of Motion for Summary Judgment why plaintiff did not exhibit deficits in adaptive functioning before age 22 to meet that requirement of §12.05C. See Document No. 11 at 27. However, the court's task is to analyze the ALJ's decision itself, not the reasons supplied by the Acting Commissioner in her brief, and to determine if the ALJ's decision is supported by substantial evidence.

onset of mental retardation before age 22.[5]

Plaintiff next argues that the ALJ's step 5 finding is not supported by substantial evidence.[6] According to plaintiff, the RFC Finding and hypothetical question are flawed because they did not account for his claimed need to lie down during the day, and thus he would be off-task and/or absent from work in excess of an employer's allowances.

Contrary to plaintiff's position, the ALJ's detailed RFC Finding adequately accounted for all of his physical functional limitations that the evidence of record supported. Likewise, the ALJ's hypothetical question incorporated all of plaintiff's physical functional limitations supported by the evidence, including all of the factors that were included in the RFC Finding. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (recognizing that an ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and

---

[5] Although the ALJ failed to consider whether plaintiff's mental retardation manifested before age 22, which must be addressed on remand, the court notes that plaintiff bears the burden of providing evidence which shows he meets that requirement of listing §12.05C. See Vivaritas v. Commissioner of Soc. Sec., 264 Fed. Appx. 155, 160 (3d Cir. 2008), citing, Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992); see also, Cortes v. Commissioner of Soc. Sec., 255 Fed. Appx. 646, 651 (3d Cir. 2007) (to meet the listing for mental retardation, the claimant must prove, inter alia, "subaverage general intellectual functioning with deficits in adaptive functioning" manifesting before age 22); Gist v. Barnhart, 67 Fed. Appx. 78, 81 (3d Cir. 2003) ("As is true in regard to any 12.05 listing, before demonstrating the specific requirements of Listing 12.05C, a claimant must show proof of a 'deficit in adaptive functioning' with an initial onset prior to age 22.").

[6] At step 5, the Acting Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1).

limitations supported by the medical evidence). Accordingly, the ALJ did not err in relying on the vocational expert's testimony at step 5 in this case.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Stanley E. Hilton, Esq.
    801 Jonnet Building
    Monroeville, PA 15146

    Stephanie L. Haines
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901